CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2009

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DANIEL PAYNE SHADWELL,<br>　　Plaintiff, | ) <br> ) <br> ) | Civil Action No. 5:09CV00061 <br><br> **MEMORANDUM OPINION** |
| v. | ) <br> ) | <br> By: Samuel G. Wilson |
| HOLLY CLARK, et al.,<br>　　Defendants. | ) <br> ) | United States District Judge |

Pro se Plaintiff Daniel Payne Shadwell, seeking to proceed in forma pauperis, brings this action under the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-25 (2006) ("DPPA"), seeking damages and injunctive relief against Defendants Holly Clark (a.k.a. Parker), Angela Kidwell (a.k.a. Tutwiller), Kenan Tyson, Kristin Zurek, Jack Maxwell, and Melinda Hickey, all employees of Virginia's Department of Social Services, Division of Child Support Enforcement ("DCSE"), who allegedly impermissibly accessed Shadwell's department of motor vehicles ("DMV") records. The court previously dismissed a similar complaint by Shadwell because it failed to state a claim for relief that was plausible on its face. Shadwell v. Clark, 5:09 cv 00041 (W.D. Va July 9, 2009). Shadwell's new complaint is an unsuccessful effort to recast that previous complaint without curing its critical deficiencies. Accordingly, the court grants Shadwell's application to proceed without prepayment of fees, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Shadwell has not stated a claim upon which relief can be granted.

I.

Shadwell's previous complaint alleged a history of "ongoing litigation" with DCSE, which began in 1997 when DCSE successfully initiated proceedings against Shadwell to

determine parentage and collect child support.[1] (Previous Compl. ¶ 2.) Following this determination, Shadwell alleged that DCSE improperly suspended his driver's license twice – once in August 1997, and more recently in March 2009. After being charged with "driving without an Operators," license Shadwell subpoenaed his DMV records and learned that over the previous two years DCSE employees had accessed his DMV records multiple times, amounting to "approximately 45 illegal inquiries." (Compl. 4, 7.) Given that his address has not changed and that he alleged that he had complied with "Court Orders of Support," Shadwell contended that the frequent "access by DCSE employees while in the middle of constant litigation for the past several years would have no permissible or reasonable purpose under Virginia law, and such access would constitute a violation of the federal Driver's Privacy Protection Act." (Previous Compl. ¶ 5.) His six count complaint sought liquidated and punitive damages and injunctive relief against the six employees who accessed his records. The court dismissed his complaint because its factual allegations were not enough to raise a claim that was plausible on its face that the six Department of Social Services employees accessed his personal, drivers license related information for an improper purpose.

Shadwell has sued again the same six employees of Virginia's Department of Social Services, Division of Child Support Enforcement. Essentially, Shadwell has added the allegation that "the named parties illegally disseminated 'personal information', while not performing any

---

[1] In this court, Shadwell has challenged the legality of his child support obligations, as well as an order of the Winchester Juvenile and Domestic Relations Court finding Shadwell in civil contempt for his failure to pay child support. The court has previously dismissed both actions. See Shadwell v. Conover, No. 7:08-cv-00539, 2008 WL 4533927 (W.D. Va. Oct. 9, 2008) (civil contempt); Shadwell v. Kaine, No. 5:08-cv-00041, 2008 WL 2278610 (W.D. Va. June 3, 2008) (legality of child support payments).

approved authorized 'functions' of any local, state or federal agency", and he has added a host of legal conclusions he bases on that allegation. (Compl. p. 2.) His complaint then alleges:

> The defendant's actions had nothing to do with their official job functions. The Commonwealth courts, in co-operation [sic] and collusion with the Named Individuals, continue to act without jurisdiction against plaintiff in extorting his income from him in amounts that far exceed State and Federal laws of over 80%, and have further restricted his Civil Liberties and Property Rights, by their abuse of authority in utilizing information obtained from one State agency for other purposes and dissemination .

(Pls' Compl. 5.)

## II.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an in forma pauperis complaint if it "fails to state a claim upon which relief may be granted." "Factual allegations must be enough to raise a right to relief above the speculative level;" the complaint must have "enough facts to state a claim to relief that is plausible on its face."[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County , – F.3d – ,2009 WL 2343614, *5 (4th Cir. July 30, 2009) (O'Connor, J.) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). Therefore, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id.

"The DPPA establishes a regulatory scheme that restricts the States' ability to disclose a

---

[2]Courts of Appeal have applied Twombly's plausibility standard to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Brown v. City of Pittsburgh, No. 08-3947, 2009 WL 1059543 at *2 (3d Cir. Apr. 21, 2009); Hall v. Sec'y for Dep't of Corr., 304 Fed. App'x 848, 849 (11th Cir. 2008); Killebrew v. St. Vincent Health, Inc., 295 Fed. App'x 808, 810 (7th Cir. 2008); Garza v. Bandy, 293 Fed. App'x 565, 566 (10th Cir. 2008); Bray v. Young, 261 Fed. App'x 765, 767 (5th Cir. 2008).

3

driver's personal information without the driver's consent." Reno v. Condon, 528 U.S. 141, 144 (2000). The Act "prohibits disclosures of personal information by a state's department of motor vehicles and any officer, employee, or contractor thereof," Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1109 (11th Cir. 2008) (citing 18 U.S.C. § 2721(a)), and provides a private cause of action against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a). The Act provides fourteen permissible uses, two of which are relevant here:

> (b) Permissible uses.–Personal information[3] . . . may be disclosed as follows:
> (1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
> . . .
> (4) For use in connection with any civil, criminal, administrative or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

18 U.S.C. § 2721(b)(1), (4). Permissible uses are not affirmative defenses; rather, the plaintiff has the burden of showing that the "obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b)." Thomas, 525 F.3d at 1111.

Applying these principles, Shadwell has not alleged enough facts to plausibly

---

[3]Shadwell has not specified what information DCSE employees retrieved from his DMV records, but the court notes that the DPPA differentiates between "personal information" and "highly restricted personal information." "[P]ersonal information" is "information that identifies an individual" not including "information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3). "[H]ighly restricted personal information," a subset of "personal information," includes "an individual's photograph or image, social security number, medical or disability information." 18 U.S.C. § 2725(4). "[H]ighly restricted personal information" may also be disclosed pursuant to the two permissible uses outlined above. 18 U.S.C. § 2721(a)(2).

4

demonstrate that the DCSE employees accessed his driver's information "for a purpose not permitted under [the DPPA]." 18 U.S.C. § 2724(a). Shadwell has merely alleged that multiple DCSE employees accessed his DMV records multiple times in "collusion" with the Virginia courts. (See Compl. 5.) These allegations do not raise Shadwell's right to relief above the speculative level, especially in light of the two permissible uses outlined above, one allowing "any government agency" – such as Virginia's Department of Social Services – to use a driver's personal information "in carrying out its functions," the other permitting the use of such information "in connection with any civil, criminal, administrative, or arbitral proceeding." 18 U.S.C. § 2721(b)(1), (4). Much of what Shadwell has to say is argumentative and hard to follow, but its thrust is clear: he has been in litigation in the Virginia courts regarding his child support obligations and the six named defendants have accessed DMV records in "collusion" with the state courts. This, of course, suggests two proper purposes – use by a government agency in carrying out its functions, and use in connection with a civil or criminal proceeding. His factual allegations in no way raise a right to relief above the speculative level or provide enough facts to state a claim for relief that is plausible on its face. Accordingly, the court dismisses Shadwell's Complaint because it fails to state a claim upon which relief may be granted.[4]

---

[4]Shadwell has not named the Virginia DMV as a defendant, but he additionally requests that the court enjoin the Virginia DMV "from making any further inquiries into [Shadwell's DMV records] without first seeking leave of this Court to do so," and also that the court assess the Virginia DMV a $5000 daily civil penalty for "permit[ting] unfettered and unaudited access to the DMV information systems." (Compl. 8.) The court dismisses these additional requests.
Even if Shadwell had named the Virginia DMV as a defendant, Eleventh Amendment sovereign immunity would bar the action. See Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the state itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."). With regard to the civil penalty, Shadwell is correct that if a State's DMV has a "policy or practice of substantial noncompliance" with the DPPA, the Attorney General can

## III.

For the reasons stated, the court dismisses Shadwell's Complaint without prejudice.

**Enter**: This August 20, 2009.

_/s/ signature_
UNITED STATES DISTRICT JUDGE

---

impose a civil penalty of no more than $5000 "a day for each day of substantial noncompliance." 18 U.S.C. § 2723(b). But "[a]ny action under § 2723 would be brought by the United States," not a private litigant like Shadwell. Travis v. Reno, 163 F.3d 1000, 1006 (7th Cir. 1998). Moreover, presumably to "forestall[] any concern under the eleventh amendment," id. at 1006-07, the private cause of action under 18 U.S.C. § 2724(b) does not permit Shadwell to sue the Virginia DMV because the DPPA excludes "a State or agency thereof" from its definition of "person." 18 U.S.C. § 2725(2).